## Jefferson Township Primary Election

*William J. Madden, Jr.*, for petitioners.

KREIDER, P. J., July 27, 1971.—The petition of 20 registered electors who voted in the primary election held in Jefferson Township, Dauphin County, Pa., May 18, 1971, seeks to have this court declare invalid that election insofar as it pertains to the nomination of candidates for the office of township supervisor of Jefferson Township and to direct the appropriate

committee of the Democratic Party in Dauphin County to make a substituted nomination.

The petition avers that Samuel Papandrea, Jr., qualified as a candidate for nomination to the said office but that inadvertently his name was omitted from the ballot. As a result, it is stated the voters were misled and the entire result of the primary as to the office sought by him was adversely affected by the defective condition of the ballot.

At the hearing held by the court on the said petition, testimony was received from Mr. Papandrea and Paul C. Fowler, Director of the Dauphin County Bureau of Elections. From the evidence we make the following

## FINDINGS OF FACT

1. Petitioners met the requirements of section 1751 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §3431.

2. Samuel Papandrea, Jr., is a registered elector of the Democratic Party in Jefferson Township, Dauphin County, Pa., and was qualified to seek the nomination as a Democratic candidate for the office of township supervisor for Jefferson Township.

3. Samuel Papandrea, Jr., filed with the Director of Elections of the County of Dauphin, as required by law, a properly prepared and executed nominating petition so as to qualify as a Democratic candidate in the May 18, 1971, primary for nomination as a candidate for the office of Supervisor of Jefferson Township.

4. The Bureau of Elections of the County of Dauphin prepared a specimen ballot in preparation for the printing of the primary ballot for the said primary and included the name of Samuel Papandrea, Jr., as a candidate for the said nomination. Before the specimen ballot was sent to the printer, the Secretary of Jefferson Township advised the Bureau

of Elections of the County of Dauphin that no vacancy existed in the office of township supervisor and that, therefore, no selection of a candidate for that office was involved in the primary election of May 18, 1971.

5. As a result of the information received from the Secretary of Jefferson Township, the name of Samuel Papandrea, Jr., as a candidate for the said nomination was removed from the specimen ballot.

6. Thereafter and immediately before said specimen ballot was sent to the printer, the Secretary of Jefferson Township advised the Bureau of Elections of the County of Dauphin that she had erred and that a township supervisor for the said township was to be elected in the year 1971; hence, the name of Samuel Papandrea, Jr., as a Democratic candidate for nomination properly belonged on the ballot to be used in the primary election of May 18, 1971.

7. Because of a clerical error, the name of Samuel Papandrea, Jr., as a Democratic candidate in the said primary election was not reinstated in the aforesaid specimen ballot before it was sent to the printer.

8. The omission of the name of Samuel Papandrea, Jr., from the ballot used in the said primary election was not discovered until the day of the election when it was too late to correct the error.

9. As a result of the omission of the name of Samuel Papandrea, Jr., from the ballot used in the said primary election, he received no votes, and since there were no other candidates running on either party and there were no write-in votes, no one received a vote in the primary for nomination as a candidate for the office of township supervisor of Jefferson Township.

## DISCUSSION

Election contests generally are governed by the provisions of article XVII of the Pennsylvania Election

Code of June 3, 1937, P. L. 1333, 25 PS §2601, §3261, et seq. The procedure to be followed in election contests varies according to the importance of the office involved. Section 1711 of the code, 25 PS §3291, creates classes of election contests and the present contest is in Class 5, defined as involving "officers, whether nominated or elected by the qualified voters of counties, cities, boroughs, townships, wards, school districts, poor districts, or any other division of the state." Section 1751 of the code, 25 PS §3431, provides that contests of the fifth class shall be tried upon petition of 20 registered voters in the court of common pleas of the county in which such election contest was held. Petitioners are required to be registered electors who voted in the contested primary election: Pennsylvania Election Code, sec. 1757, 25 PS §3457.

The petition in this case satisfied all the requirements of the Election Code insofar as the provisions applied to this class of contest: Madigan Appeal, 434 Pa. 361 (1969). It was presented within 20 days after the primary, as directed by section 1756 of the code, 25 PS §3456, and was properly verified, as required by section 1757 of the code.

Upon presentation of the petition, this court fixed a date for hearing and directed that notice thereof be given to the Chairman of the Democratic Party of Dauphin County, the Chairman of the Republican Party of Dauphin County, the Chairman of the Board of Commissioners of the County of Dauphin, the Secretary of Jefferson Township, Dauphin County, Pa. and the Supervisor of the Dauphin County Bureau of Elections.

The evidence presented at the hearing by Samuel Papandrea, Jr., and by Paul C. Fowler, Supervisor of the County of Dauphin Bureau of Elections, established the allegations set forth in the petition. It

is obvious from the record that Samuel Papandrea, Jr., fully complied with all the requirements to appear on the ballot in the primary election held in Jefferson Township, Dauphin County, Pa., May 18, 1971, as a Democratic candidate for nomination for the office of township supervisor. It was clearly established that by inadvertence, Mr. Papandrea's name was omitted from the ballot. The omission of Mr. Papandrea's name caused the said ballot to be so defective as to the office of township supervisor of Jefferson Township as to be calculated to mislead the voters in regard to his candidacy for nomination for the said office.

The defective condition of the ballot obviously affected the result of the primary election pertaining to that office. Consequently, it is the duty of this court to declare the primary invalid as regards the said office: Pennsylvania Election Code, sec. 1772, 25 PS §3472; Neshaming School District Election Contest, 18 Bucks Co. 114, 45 D. & C. 2d 105 (1968).

Section 1772 of the Election Code, 25 PS §3472, provides that vacancies in nominations created because the court declares an election to be invalid shall be filled in the manner provided by section 979 of the Election Code, 25 PS §2939. The latter section provides that any vacancy happening or existing after the date of the primary in any party nomination, by reason of death or withdrawal of any candidate after nomination, or by reason of the death before or on the day of the primary election of a candidate for nomination who has received a plurality of votes of his party's electors cast for the office for which he sought nomination, may be filled by a substituted nomination made by such committee as is authorized by the rules of his political party to make nominations in the event of vacancies on the party ticket.

Under the said provisions, it now becomes the duty of the appropriate committee of the Democratic Party in Dauphin County to select a candidate for township supervisor of Jefferson Township, Dauphin County in the general election in November 1971. Under this section of the code, it is the duty of the chairman and secretary of the party committee making the substitute nomination to file with the County Board of Elections of Dauphin County a nomination certificate signed by the chairman and secretary of the committee and setting forth the name of the substitute candidate and the other facts required under section 979.

## CONCLUSIONS OF LAW

1. The omission from the ballot used in the primary election of May 18, 1971, in Jefferson Township of the name of Samuel Papandrea, Jr., as a Democratic candidate for nomination for the office of township supervisor, caused the ballot to be so defective as to the said office as to mislead the voters in regard to the candidate seeking nomination.

2. The defective condition of the ballot used in the primary election as aforesaid did so seriously affect the result of the primary election for the aforesaid office that the election must be declared invalid insofar as it pertains to the office of township supervisor of Jefferson Township.

3. The primary election pertaining to the nomination of candidates for township supervisor of Jefferson Township, Dauphin County, Pa., being invalid, it becomes the duty of the appropriate committee of the Democratic Party of Dauphin County, Pa., to select a nominee for the said office in compliance with section 979 of the Election Code of the Commonwealth of Pennsylvania, 25 PS §2939.

Accordingly, we enter the following

## ORDER

And now, July 27, 1971, the primary election held May 18, 1971, insofar as it pertains to the selection of candidates on the Democratic Ticket for the office of township supervisor of Jefferson Township, Dauphin County, Pa., is hereby declared to be invalid. It is directed that a substituted nomination may be made for the said office of township supervisor of Jefferson Township by such committee as is authorized by the rules of the Democratic Party to make nominations in the event of vacancies on the party ticket.